IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREGORY DOAK, ) | CASE NO. 4:05CV1947 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE ADAMS |
| v. ) | |
| ) | MAGISTRATE JUDGE HEMANN |
| DAVID BOBBY, Warden, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is Gregory Doak's ("Doak") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on August 8, 2005. Doak is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to a journal entry of sentence in the case of *State v. Doak,* Case no. 02-CR-63 (Columbiana County 2002). For the reasons set forth below, the magistrate judge recommends that the court dismiss Doak's petition.

I

The state trial court made the following findings of fact in denying Doak's motion to withdraw his guilty plea:

> [O]n April 7, 2002 . . . the defendant went to look for his estranged wife at the mobile home park. He took with him a SKS assault rifle loaded with 37 rounds. As he parked near his wife's mobile home her friend who lived across the street from her came out on her porch. The defendant shot her three times killing her. He then shot the door off his wife's mobile home and entered the mobile home in an attempt to shoot her. She left through a different door. The defendant shot himself three times with the SKS. The police were called and he was apprehended in his wife's mobile home.

\* \* \* \* \*

>   On May 3, 2002 the defendant was indicted for aggravated murder[,] O.R.C. 2903.01(A) with a firearms specification; Aggravated Burglary, O.R.C. 2911.11(A)(2), a felony of the first degree with a firearms specification; Attempted Aggravated Murder, O.R.C. 2923.02(A), a felony of the first degree with a firearms specification and a violation of a civil protective order, O.R.C. 2919.27(A)(1), a misdemeanor of the first degree.
>   The defendant was arraigned and Attorney Lawrence Stacey II and C. Charles Amato were appointed to represent the defendant.

Judgment entry, April 22, 2003, Answer (Docket #12), Exh. 16, pp. 2, 1.[1]

Doak brought before the trial court by motion the issue of his sanity and competency at the time of the murder and while in custody:

>   On July 26, 2002 a suggestion of competency and insanity was entered on the record by counsel for the defendant and on August 6th this Court ordered an evaluation. The report came back and a hearing was held on October 10, 2002 at which time the defendant was found competent to stand trial. On October 22, 2002, the defendant filed a motion to suppress.[2] On November 21, 2002 a motion for continuance and for independent evaluation both of which motions were granted on November 29, 2002 were filed. The motion to suppress was heard and overruled.

*Id.* at 4. A psychiatrist examined Doak as result of the court's granting Doak's motion for an independent psychological evaluation. The report of the examining psychiatrist was not shared with the trial court.

On the day Doak was scheduled to go to trial, he instead agreed to enter a plea of guilty:

>   On February 10, 2003 the defendant entered a plea of guilty to aggravated murder

---

[1] The state appellate court reviewing the trial court's denial of Doak's motion to withdraw his guilty plea found essentially the same relevant facts. *See State v. Doak*, 2004 WL 614851, at *1-*2 (Ohio App March 22, 2004).

[2] The motion sought the suppression of statements made by Doak at the time of his arrest on the grounds that he had not been fully advised of his Miranda rights and was unable to understand those rights at the time of his arrest.

2

>with a firearms specification and attempted aggravated murder with a firearms specification. The State of Ohio dismissed the aggravated burglary and the violation of the protective order. As part of the agreement the State recommended maximum concurrent sentences. The defendant was sentenced on the aggravated murder charge to a period of life in prison with eligibility for parole after serving 20 years and three years on the firearms specification consecutive to the sentence for the aggravated murder. On attempted aggravated murder the defendant was sentenced to 10 years and on the firearms specification to 1 year served consecutive with the aggravated murder but concurrent with the firearms specification as to Count I. The sentences were made concurrent. The defendant will have to serve twenty-three years before being eligible for parole.

*Id.* at 1.

On March 7, 2003 Doak filed a motion in the trial court to withdraw his guilty plea, alleging that he had ineffective assistance of counsel regarding the plea agreement and that he was confused by medication when he pleaded guilty. Doak alleged that his trial counsel had been ineffective, *inter alia*, because they failed to visit him and discuss his case, did not properly investigate his case, did not prepare for trial, did not prepare a defense, did not act in his best interests, and allowed the court to deny him a speedy trial. The court appointed new counsel to represent Doak. The court held a hearing on Doak's motion on April 22, 2003. On the same day the court issued an opinion finding that Doak's allegations were without merit and denying his motion to withdraw his guilty plea. Also on April 22, 2003 the court filed an amendment to its judgment entry of February 10, 2003, clarifying which sentences were to be served concurrently and which consecutively.

Doak filed an untimely appeal of the trial court's denial of his motion to withdraw his guilty plea. The state appellate court granted Doak's application for a delayed appeal, however, upon his explaining his reasons for the untimely filing. Doak timely appealed the amended judgment entry of April 22, 2003, and the state appellate court merged Doak's two appeals. In his brief in support of his appeal of the amended judgment entry Doak

raised two issues:

> Whether the lower Court erred by failing to conduct a reasonable inquiry as to the effects of the prescribed medications the Defendant/Appellant was taking, even when put on notice that one of the medications caused confusion.
>
> Whether the lower Court erred by sentencing the Defendant/Appellant to the maximum sentence allowed pursuant to the Ohio Revised Code.

In his brief in support of his appeal of the denial of the motion to withdraw his guilty plea, Doak raised two additional issues:

> I. Whether the lower court erred by failing to allow the Defendant/Appellant to withdraw his previously entered Guilty Plea.
>
>> a. Whether the Defendant/Appellant was provided with effective assistance of Counsel, as required by the Ohio and United States Constitutions, when he entered his guilty plea.
>>
>> b. Whether the Defendant/Appellant entered his Guilty Plain and [sic] a knowing, voluntary and intelligent fashion, and in compliance with Rule 11 of the Ohio Rules of Criminal Procedure.
>
> II. Whether the Defendant/Appellant was provided with effective assistance of Counsel, as required by the Ohio and United States Constitutions, for the prosecution of his Motion to Withdraw his Guilty Plea.

On March 22, 2004 the state appellate court found Doak's arguments to be without merit and affirmed the judgment of the trial court.

Doak filed a timely notice of appeal of the appellate court's decision in the Ohio Supreme Court. In his memorandum in support of jurisdiction Doak asserted three propositions of law:

> PROPOSITION OF LAW 1:
>
>> The lower court erred by failing to conduct a reasonable inquiry as to the effects of the prescribed medications the Defendant/Appellant was taking, even when put on notice that one of the medications caused confusion.

4

>PROPOSITION OF LAW 2:
>
>>The trial Court erred by not allowing Defendant to Withdraw His Guilty Plea, because Defendant received Ineffective Assistance of Trial Counsel, thus violating Defendant's 6TH AND 14TH Amendments to the United States Constitution.
>
>PROPOSITION OF LAW 3:
>
>>The Trial Court erred by not allowing Defendant to Withdraw His Guilty Plea, because Defendant received Ineffective Assistance of Motion Counsel, thus violating Defendant's 6TH AND 14TH Amendments to the United States Constitution.

On August 4, 2004 the Ohio Supreme Court denied Doak leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

On August 8, 2005 Doak filed in this court a petition for a writ of habeas corpus. Doak asserts one ground for relief in his petition, that his conviction was obtained by a guilty plea given upon the constitutionally defective advice of counsel. According to Doak, counsel failed to apprise him of a potential "Prozac defense" to the charges against him and had counsel done so, Doak would not have pleaded guilty.[3] Respondent filed an Answer on November 8, 2005. Doak filed a Traverse on April 14, 2006 (Docket #20). Thus, the petition is ready for decision.

II

A. *Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

>Where an application for a writ of habeas corpus is made by a person in custody

---

[3] Doak did not present this ground for his claim of ineffective assistance of counsel to the trial court in his motion to withdraw his guilty plea or to the state appellate court.

5

> under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d). Title 28 U.S.C. § 2254(a) provides in relevant part, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Federal courts lack jurisdiction to consider any claim that was not fairly presented to the state courts. *Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003). A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). The exhaustion requirement is satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all of the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

In the instant case both Doak and respondent agree that Doak has not properly exhausted state remedies by giving the Ohio Supreme Court a full and fair opportunity to rule on Doak's claims. Respondent asserts that Doak's petition should be dismissed because of this failure to exhaust state remedies and that dismissal would allow Doak to pursue state remedies available pursuant to Ohio App. R. 26(B) ("R. 26(B)") or Ohio Rev. Code § 2953.21 ("postconviction relief"). Doak replies that neither R. 26(B) nor postconviction relief are available to him and, in the alternative, that any attempt to petition for postconviction relief would be futile. Because state relief is not available or would be

6

futile, Doak argues, his failure to exhaust should be excused.

Rule 26(B) provides for a reopening of an appeal from an appellate court judgment affirming a conviction or sentence based on a claim of ineffective assistance of appellate counsel. The rule requires the filing of an application to reopen within ninety days of journalization of the appellate judgment "unless the applicant shows good cause for filing at a later time." Respondent contends that Doak could allege ineffective assistance of appellate counsel for failing to raise in the appellate court a claim of ineffective assistance of trial counsel for failing to raise a Prozac defense. According to respondent, if Doak has good cause for failing to file such a claim within ninety days of journalization of the appellate judgment against him, the appellate court might still consider his claim.

Doak denies that he has a claim of ineffective assistance of appellate counsel. Certainly, he raises no such claim in this court. Because Doak does not claim ineffective assistance of appellate counsel, R. 26(B) is inapplicable to exhaustion of his habeas petition.

Postconviction relief is also inapplicable to Doak's case. Doak contends that he pleaded guilty due to ineffective assistance of counsel. The proper remedy for such a claim is a motion to withdraw a guilty plea pursuant to Ohio Crim. R. 32.1, not a petition for postconviction relief. *See State v. Bush*, 96 Ohio St. 3d 235, 237-39, 773 N.E.2d 522, 524-26 (2002). There is no time limit for filing such a motion. *Id.*, 96 Ohio St. 3d at 239, 773 N.E.2d at 526. Thus, this remedy is still available to Doak.[4]

---

[4] Ohio courts generally bar a defendant from filing a successive motion to withdraw a guilty plea if the second motion asserts a claim that was or could have been raised in the prior motion. Doak will have to demonstrate, therefore, that he could not have raised in his previous motion his claim of ineffective assistance of counsel for failure to discuss a Prozac

7

Doak asks that if the court determines that he should exhaust remaining state remedies that the court stay his petition pending exhaustion. This is not possible. A court faced with a "mixed petition," a petition containing exhausted and unexhausted claims, may retain jurisdiction over the exhausted claims and stay consideration of them while the petitioner exhausts the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269 (2005). But Doak's petition is not a mixed petition. It raises one claim, and that claim is unexhausted. Because there is no exhausted claim over which the court may exercise jurisdiction, the court lacks subject matter jurisdiction over Doak's petition. Consequently, Doak's petition must be dismissed.

III

For the reasons given above the magistrate judge recommends that the court dismiss Doak's petition because the court lacks jurisdiction over it.


Date:  July 6, 2006                           /s/Patricia A. Hemann
                                              Patricia A. Hemann
                                              United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

defense. *See discussion and cases at State v. Sneed,* 2005 WL 926993, at *3 (Ohio App. April 21, 2005).

8